UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Walter Espinoza and others similarly situated<br>2433 Brook Overlook Ct<br>Apt 103<br>Herndon, VA 20171<br><br>Plaintiff<br><br>v.<br><br>USA Produce, LLC<br>1302 5th Street NE<br>Washington, DC 20002<br><br>Neos Gregory<br>1302 5th Street NE<br>Washington, DC 20002<br><br>Defendants | Civil Action No. 12-1890 |

**COMPLAINT**

1.   Plaintiff brings this lawsuit for violations of the Fair Labor Standards Act (FLSA) on behalf of himself and as a collective action pursuant to 29 USC § 216(b) on the behalf of other similarly situated employees and former employees of Defendant USA Produce LLC ("USA Produce").

2.   Plaintiff Walter Espinoza is a resident of Virginia.

3.     Defendant USA Produce is a Virginia limited liability company that does business and is registered to do business in the District of Columbia.  USA Produce has facilities in Virginia and in Washington, DC.  USA Produce delivers fresh produce to restaurants in Washington, D.C.

4.     Defendant Neos Gregory is an officer and principal owner of USA Produce.  Gregory directly supervised Plaintiff.

5.     In or about August 2012 Defendants employed Plaintiff to drive a delivery vehicle.

6.     Plaintiff performed approximately 75 hours of work for Defendant during a period of less than seven days and during a single workweek.

7.     A substantial portion of this work was performed in the District of Columbia.

8.     Defendant refused to pay Plaintiff anything for the time Plaintiff worked for Defendant.

9.     USA Produce's stated policy was that it would not pay newly hired employees their first two weeks of wages until the employee had been with the Company more than 1 year.  Gregory informed Plaintiff that this policy was to reduce turnover at the Company.

10.   USA Produce's policy was to not pay overtime to employees who worked more than 40 hours in a workweek, even where it was lawfully obligated to do so.

11.   Defendants' conduct violated provisions of the FLSA (and its implementing regulations) which required that plaintiff and those similarly situated be timely paid a specified minimum hourly wage for time actually worked and be paid overtime for work in excess of forty hours per week.

12.   During the three years prior to the filing of this Complaint Defendants employed numerous other persons in the course of their business and, in accordance with Defendants' illegal policies, failed to pay them the minimum wage and overtime, as required by the FLSA.

13.   Plaintiff proposes to represent in this collective action all employees or former employees of Defendants who consent to be so represented and who, in accordance with Defendants' policies and practices, were not paid minimum wage or overtime, as required by the FLSA.

14.   Defendants' conduct with respect to Plaintiff and to others similarly situated was willful and intentional in that Defendants knew that what they were doing was improper and illegal.  Defendants' employees were largely immigrants, many of whom did not speak fluent English and who Defendants believed to be in the United States illegally.  Because of these circumstances, Defendants believed

that they could violate the law with impunity because such individuals would be unlikely to report Defendants' misconduct to the authorities or take legal action to protect their rights.

15.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the violation of a federal statute is alleged.

16.   Venue is appropriate pursuant to 28 U.S.C. 1391(b)(2).

17.   Plaintiff demands a jury trial of all claims that may be tried to a jury.

18.   Plaintiff Walter Espinoza hereby consents to be a party plaintiff in this action.

Plaintiff demands relief as follows on behalf of himself and of others similarly situated:

    a.   Damages of double the amount that the FLSA required be paid to Plaintiff and to others similarly situated, but which was not paid.

    b.   A determination that this case may proceed as a collective action pursuant to 29 USC § 216(b).

    c.   Plaintiff's reasonable costs and expenses of litigation, including attorneys' fees.

    d.   Such other relief that the Court determines to be just and appropriate.

Dated:  November 20, 2012                    Respectfully submitted,


                                             _____/s/Matthew B. Kaplan_____
                                             Matthew B. Kaplan
                                             D.C. Bar No. 484760
                                             The Kaplan Law Firm
                                             509 N. Jefferson St.
                                             Arlington, VA 22205
                                             Telephone:  (703) 665-9529
                                             Fax:  (888) 958-1366
                                             Email: mbkaplan@thekaplanlawfirm.com